IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



LHF PRODUCTIONS, INC

    Plaintiff,

vs.

DOES 1-25                           Civil Action No. 3:16-cv-00283

    Defendants.

## MOTION TO FILE UNDER SEAL AND TO PROCEED ANONYMOUSLY

John Doe #25 pro se with alleged IP address 71.63.18.245 respectfully submits this motion to file John Doe #25's identifying information under seal and proceed anonymously.

John Doe #25 has submitted a Motion to Sever, or Quash, or Vacate the Subpoena issued to Comcast in the case of LHF PRODUCTIONS, INC vs DOES 1-25.

Upon researching the topic of Motions to seal and anonymous Court filings, John Doe #25 found that while a party is required to provide both his/her name and "full residence address" in his/her first filing with the Court, it is within the discretion of the district court to grant the dispensation of anonymity, see *US. v. Microsoft, 56 F.3d 1448, 1464 (D.C. Cir. 1995)*. Despite "this country's strong tradition of access to judicial proceedings," there are situations in which "a party's interest in privacy or confidentiality ... outweighs this strong presumption in favor of public access." See *Johnson v. Greater Se. Cmty. Hosp. Corp., 951 F.2d 1268, 1277 (D.C. Cir. 1991)*. One noted instance in which pseudonyms may be used for Court filings is when nondisclosure of a party's identity is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment, see *Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067- 68 (9th Cir. 2000)*.

Doe respectfully submits that in this instance, anonymity and use of pseudonyms is necessary to protect Doe from harassment, injury, ridicule, and personal embarrassment.

Using just the search engine Google, for instance, John Doe #25 was able to find the true contact information of other defendants in similar cases filed across the country where the defendants were accused of copyright infringement of pornographic material. In some instances, some of the defendants were able to provide evidences that they were not even at their home during the time of alleged infringement thus could not have committed the alleged infringement, yet because they were accused and because they had to file using their real contact information and were unable to afford an attorney, these individuals' reputations have been permanently damaged. Once accused, it is not as easy

to convince others of one's innocence. This could, for instance, have negative impact on future employments where employers do background checks on the individuals using a search engine.

John Doe #25 is not so well off than I can casually afford an attorney to make filings for me, hence it is why John Doe# 25 is filing as a pro se with the Court. Given my limited financial resources, the only way that I can protect my identity while filing a motion to sever or , quash or vacate the Subpoena, which Plaintiff seeks to use to discover Doe's 1-25 identifying information, is by having John Doe#25's identifying information be filed under seal and by having the Court's permission to proceed anonymously under a pseudonym.

The danger of damaged reputation of innocent individuals accused of copyright infringement of pornographic material as well as the risks of extortions to such individuals was further recognized by previous Courts. For example, in VPR Internationale v Does 1-1017 (case no 2:11-cv-02068-HAB-DGB,) , Judge Baker pointed out that expedited discovery could be used to wrest quick settlements, even from people who have done nothing wrong because the embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether the Plaintiff has competent evidence to prove its case. Should the Court decide to not allow Doe to file his identifying information under seal and to proceed anonymously, expedited discovery would not even be needed and the previously filed Motions to quash or vacate the Subpoena would be moot as Plaintiff would then gain access to Doe's identifying information by the very act of Doe attempting to defend himself and having to provide his true contact information.

John Doe #25 respectfully submits that previous Courts in similar cases clearly recognized the importance of accused Does being able to remain anonymous in cases such as the present one. In at least one case, the Court went so far as to contact attorneys from the

Electronic Frontier Foundation (EFF) and Public Citizen to represent Does who were accused of copyright infringement of pornographic materials so that their information could remain confidential and so that they may get adequate legal representation. See article provided in Appendix A titled "Lawyers can't handle opposition, gives up on P2P porn lawsuit" by Nate Anderson.

As such, John Doe# 25 respectfully asks the Court to file Doe # 25's true identifying Information under seal and to allow Doe # 25 to proceed anonymously so as to not moot the filing of the Motion to Sever, or Quash, or Vacate the Subpoena issued to

Comcast in the case of LHF PRODUCTIONS, INC vs DOES 1-25.

Respectfully submitted,

By: _John Doe #25_
John Doe #25 pro se with alleged IP address 71.63.18.245

Dated: 7/5/16

Please send all correspondences to: JDoe1825@mailinator.com