IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LHF PRODUCTIONS, INC.,**

    **Plaintiff,**

v.                                                       Civil Action No. 3:16cv283

**JOHN DOES 1–25,**

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on six motions: (1) the Motion to File Under Seal and to Proceed Anonymously (the "Motion to Seal") filed by Defendant John Doe 25, (ECF No. 6); (2) the Motion to Sever filed by John Doe 25, (ECF No. 6-3);[1] (3) the Motion to Quash filed by Defendant Sir Edward Thomas, Sr., (ECF No. 7); (4) the Motion for Miscellaneous Relief filed by Plaintiff LHF Productions, Inc. ("LHF"), (ECF No. 13); (5) the Second Motion to Extend Time Pursuant to Federal Rule of Civil Procedure 4(m) (the "Second Motion to Extend Time") filed by LHF, (ECF No. 15); and, (6) the Third Motion to Extend Time Pursuant to Federal Rule of Civil Procedure 4(m) (the "Third Motion to Extend Time") filed by LHF, (ECF No. 16).

LHF responded to the Motion to Seal, the Motion to Sever, and the Motion to Quash. Neither John Doe 25 nor Thomas filed replies to LHF's responses or responses to LHF's motions, and the time to do so has expired. The matters are ripe for disposition. The Court

---

[1] John Doe 25, who appears *pro se*, filed pleadings in an awkward manner: the Motion to Sever appears as an attachment to the Motion to Seal, rather than as a separate motion. Given John Doe 25's *pro se* status, the Court will allow the Motion to Sever, (ECF No. 6-3), to proceed as a stand-alone motion. LHF has responded to the Motion to Sever, (ECF No. 8), making it ripe for disposition.

exercises jurisdiction pursuant to 28 U.S.C. § 1338(a).[2] The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process.

For the reasons that follow, the Court will grant: (1) the Motion to Sever, (ECF No. 6-3); and, (2) the Second Motion to Extend Time, (ECF No. 15). The Court will deny as moot: (1) the Motion to Quash, (ECF No. 7); (2) the Motion to Seal, (ECF No. 6); (3) the Motion for Miscellaneous Relief, (ECF No. 13); and, (4) the Third Motion to Extend Time, (ECF No. 16). The Court will sever and dismiss without prejudice all defendants except John Doe 1 from this action and will quash any subpoenas issued pursuant to its May 26, 2016 Order, (ECF No. 5), to the extent the subpoenas pertain to Defendants John Does 2–25.

## I. Factual and Procedural Background

### A. Allegations in the Complaint

On May 13, 2016, LHF filed its Complaint for Copyright Infringement against John Does 1–25 in this Court.[3] (ECF No. 1.) The Complaint listed 25 John Doe defendants ("the Defendants"), identified by their Internet Protocol ("IP") addresses, who had allegedly infringed on LHF's copyrighted work, the motion picture *London Has Fallen* ("the Movie"), in violation of the United States Copyright Act, 17 U.S.C. §§ 101, *et seq.* To establish personal jurisdiction in this District, LHF used "geolocation technology" to trace the IP addresses of all the Defendants to a point of origin within this District.

---

[2] 28 U.S.C. §1338(a) states in part: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." 28 U.S.C. § 1338(a).

[3] The same day, LHF filed two other nearly identical complaints in this Court. *LHF Prods., Inc. v. Does 1–24*, 3:16cv282; *LHF Prods., Inc. v. Does 1–20*, 3:16cv284. LHF has filed two other similar complaints in this Court. *LHF Prods., Inc. v. Does 1-18*, 3:16cv274 and *LHF Prods., Inc. v. Does 1-10*, 3:16cv748.

The Complaint alleges that, using a network called a "BitTorrent protocol" ("BitTorrent"), the Defendants "reproduced, distributed[,] and offered to distribute" the Movie without LHF's consent or permission. (Compl. 2–3.) The Defendants' alleged use of BitTorrent occurred over the span of one week: March 8, 2016, to March 14, 2016. LHF contends that BitTorrent differs from a Peer-to-Peer protocol in that it facilitates data-sharing among individuals and "makes even small computers with low bandwidth capable of participating in large data transfers." (*Id.* at 2.) In BitTorrent, the initial shared file is called a "seed," and other users on the network are called "peers." When peers connect to the network and request the seed, they receive different pieces of the seed data from other peers who have already downloaded the file. Each peer thus "becomes a part of the network from which the file can be downloaded." (*Id.*) This group of peers is called a "swarm." LHF claims that with BitTorrent, "every downloader [is] also an uploader" of the shared file, and every member of a swarm serves as a source for the seed file, so long as the member remains online at the time other peers download the file. (*Id.* at 2–3.) Furthermore, "because of the nature of the swarm downloads . . . every [peer] is [downloading seed data] from many [ISPs] in numerous jurisdictions." (*Id.* at 3.) Uploading one seed file to a BitTorrent network "can result in nearly instantaneous worldwide distribution of that single [file] to a limitless number of people." (*Id.*)

LHF asserts that "each Defendant deliberately participated in a swarm and/or reproduced and/or distributed the same seed file" of the Movie, and thereby "participated in a collective and interdependent manner with other Defendants" to infringe LHF's copyright. (*Id.* at 5–6.) LHF states that because all the Defendants participated in the "same swarm" using BitTorrent, all the Defendants participated in the "same transaction, occurrence[,] or series of transactions or

occurrences as the other Defendants in the swarm." (*Id.* at 6.) LHF seeks declaratory, injunctive, and monetary relief.

On May 19, 2016, LHF filed a Motion for Leave to Serve Third Party Subpoenas in order to ascertain the identities of the John Doe defendants associated with the IP addresses. LHF sought leave to serve limited discovery on the Internet Service Providers ("ISPs") from which the Defendants obtain Internet access in order to determine the Defendants' identities. On May 26, 2016, the Court granted LHF's Motion and allowed LHF to serve subpoenas under Federal Rule of Civil Procedure 45[4] seeking "information sufficient to identify each defendant, including name, address, telephone number, email address, and Media Access Control address." (Order 2.)

---

[4] Rule 45 governs subpoenas. It states, in pertinent part:

**(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.

   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(d)(3).

### B. John Doe 25's Motions

On July 5, 2016, the defendant with the IP address 71.63.18.245, identifying him-or-herself as "John Doe #25" filed, *pro se*, the Motion to Seal and the Motion to Sever. The Motion to Seal requests that the Court allow John Doe 25 to proceed anonymously under a pseudonym to "protect Doe from harassment, injury, ridicule, and personal embarrassment." (Mot. Seal 2.) John Doe 25 asserts that courts have previously recognized "[t]he danger of damaged reputation of innocent individuals accused of copyright infringement of pornographic material as well as the risks of extortions to such individuals." (*Id.* at 3.)

In the Motion to Sever, John Doe 25 argues that the Doe Defendants are improperly joined under Federal Rule of Civil Procedure 20[5] because the alleged infringement occurred among "unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses." (Mot. Sever 5.) Although styled as a Motion to Sever, the Motion to Sever also requests that the Court "Squash [sic] JDoe25 from the Plaintiff[']s Subpoena to Comcast Cable Communications, LLC," (Mot. Sever 10), and includes extensive argument about why the subpoena should be quashed. John Doe 25 urges this Court to quash the subpoena because: (1) it is overbroad and ambiguous; (2) IP addresses do not "qualify as personal information[] capable of accurately identifying an individual," (*Id.* at 7); (3) it

---

[5] Rule 20 states in relevant part:

(2) *Defendants.* Persons . . . may be joined in one action as defendants if:

    (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and[,]

    (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

subjects John Doe 25 to an undue burden "in being a target of this civil action," (*Id.* at 9); and, (4) it violates basic fairness and due process because "it fails to sufficiently verify the validity of the information forming the basis of the request," (*Id.* at 10).

On July 12, LHF filed an Opposition to John Doe 25's Motion to Seal (the "Opposition to Motion to Seal") and an Opposition to John Doe 25's Motion to Sever (the "Opposition to Motion to Sever"). The Opposition to Motion to Seal includes a lengthy discussion of unauthenticated and inadmissible data purportedly collected by LHF, attached as Exhibit 2. LHF describes Exhibit 2 as "captured data [which] shows that 'Doe 25' has likely infringed over 200 copyrighted works since March 15, 2015," and points to the "data" as support for its argument that "[a]pparently 'Doe 25' believes that he/she should be allowed to violate federal law with impunity and do it under a cloak of judicial anonymity." (Opp. Mot. Seal 2.) LHF contends that John Doe 25's Motion to Seal does not address the factors that the United States Court of Appeals for the Fourth Circuit has identified as relevant in determining whether a court should allow a party to proceed anonymously, noting that John Doe 25 merely states that he "wishes to avoid annoyance and criticism." (Opp. Mot. Seal 11–12.) LHF asks this Court to deny the Motion to Sever because: (1) John Doe 25 lacks standing because he is not a party to the action; (2) joinder is proper under Federal Rule of Civil Procedure 20 because "all the defendants face the same claim" and "[t]here are clearly commonalities in their joined, if not cooperative activity furthering the BitTorrent economy of piracy," (Opp. Mot. Sever 8); and, (3) no basis to quash the subpoena exists. John Doe 25 did not reply to the Opposition to Motion to Seal or the Opposition to Motion to Sever.

### C. Sir Edward Thomas, Sr.'s Motion to Quash

On July 8, 2016, Sir Edward Thomas, Sr., filed, *pro se*, a Motion to Quash. Thomas's short motion argued that the Court should quash the subpoena because neither he nor his wife has "any idea about this video or even the fact of how it was downloaded." (Mot. Quash 1.)

On July 15, 2016, LHF filed an Opposition to Thomas's Motion to Quash (the "Opposition to Motion to Quash"). LHF contends that this Court should deny Thomas's Motion to Quash because it "simply presents no facts or arguments that address any of the available grounds for relief under Fed[eral] R[ule of] Civ[il] P[rocedure] 45." (Opp. Mot. Quash 3.) LHF asserts that because "the Motion effectively asks this Court to render a judgment on the merits of the case," the Motion to Quash should be denied. (*Id.* at 4.) Thomas did not reply to the Opposition to Motion to Quash.

### D. LHF's Motion for Miscellaneous Relief

On September 1, 2016, LHF filed the Motion for Miscellaneous Relief asking the Court to deny the Motion to File Under Seal, the Motion to Sever, and the Motion to Quash. LHF stated that "a prompt resolution on the . . . pending motions [would] reduce the additional time" necessary to serve the Defendants. (Mot. Miscellaneous Relief 1–2.) No defendants have responded to the Motion for Miscellaneous Relief.

### E. LHF's Second Motion to Extend Time

On October 6, 2016, LHF filed the Second Motion to Extend Time, requesting the Court to extend time to serve the Defendants because the ISP subject to the subpoena this Court authorized in its May 26, 2016 Order "has refused to provide information concerning the IP addresses at issue in this case until this Court rules on the pending Motion to Quash and Motion to Sever." (Mot. Extend Time 1.) LHF asked for an extension of sixty days "to complete

depositions for identification purposes, joinder, and service of the defendants of this case." (*Id.* at 2.) No defendants have responded to the Motion to Extend Time.

### F.     **LHF's Third Motion to Extend Time**

On December 7, 2016, LHF filed the Third Motion to Extend Time, requesting another extension of time to serve the Defendants. The Third Motion to Extend Time substantially mirrors the Second Motion to Extend Time, reiterating that the ISP subject to the subpoena this Court authorized in its May 26, 2016 Order "has refused to provide information concerning the IP addresses at issue in this case until this Court rules on the pending Motion to Quash and Motion to Sever." (Mot. Extend Time 1.) LHF asked for an additional extension of sixty days until February 6, 2017, to "complete depositions for identification purposes, joinder, and service of the defendants of this case." (*Id.* at 2.) No defendants have responded to the Motion to Extend Time.

## II. Analysis:  Motion to Sever

### A.     **Legal Standard**

Federal Rule of Civil Procedure 20(a)(2) allows joinder of defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and[,] (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Although misjoinder cannot undergird the dismissal of an action, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

Rule 20 supports the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties[,] and remedies is strongly encouraged." *United Mine Workers*

*v. Gibbs*, 383 U.S. 715, 724 (1966). "[T]he rule should be construed in light of its purpose, which 'is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974)). The transaction or occurrence test of Rule 20 generally proceeds on a case by case basis, and permits all "reasonably related claims . . . to be tried in a single proceeding." *Id.* If the joinder of parties or claims will result in prejudice, expense, or delay, the Court has discretion to deny joinder. *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007). The propriety of joinder rests within the sound discretion of the trial court. *Saval*, 710 F.2d at 1031.

"District courts across the country are split regarding the question of whether joinder of unidentified defendants is appropriate" in cases alleging the use of BitTorrent to share copyrighted works. *Third Degree Films, Inc. v. Does 1–108*, No. DKC 11-3007, 2012 WL 1514807, at *2 (D. Md. April 27, 2012) (collecting cases). However, "[a] majority of courts . . . specifically have held that the properties of BitTorrent are insufficient to support joinder." *Patrick Collins, Inc. v. Does 1–10*, No. 8:12cv00094, 2012 WL 1144980, at *5 (D. Md. Apr. 4, 2012) (collecting cases). Importantly, every case in this District has found joinder improper when based on allegations of file-sharing using BitTorrent. *See Raw Films, Ltd. v. Does 1–32*, No. 3:11cv532, 2011 WL 6182025, at *2 (E.D. Va. Oct. 5, 2011) (finding the allegation that defendants used BitTorrent to copy and reproduce copyrighted material insufficient to support joinder because "[m]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder"); *see also Malibu Media, LLC v. John Does 1–23*, 878 F. Supp. 2d 628, 632 (E.D. Va. 2012) ("Where, as here, a plaintiff seeks to join several defendants in an action based on filesharing activity, . . . a plaintiff must allege facts that permit

9

the court at least to infer some actual, concerted exchange of data between those defendants."); *Hard Drive Prods., Inc. v. Does 1–30*, No. 2:11cv345, 2011 WL 4915551, at *3 (E.D. Va. Oct. 17, 2011) (finding joinder improper in a case alleging that defendants used BitTorrent to copy and reproduce copyrighted material); *K-Beech, Inc. v. John Does 1–85*, No. 3:11cv469, 2011 WL 10646535, at *2 (E.D. Va. Oct. 13, 2011) (same).

The Fourth Circuit has not ruled on the issue of joinder in cases involving BitTorrent file-sharing, and the only court of appeals to consider the matter found joinder improper. *See AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 998 (D.C. Cir. 2014). That court, although assuming that "two individuals who participate in the same swarm *at the same time* are part of the same series of transactions within the meaning of Rule 20(a)(2)" held that "[Plaintiff] has provided no reason to think that the Doe defendants it named in this lawsuit were ever participating in the same swarm at the same time." *Id.*

### B. LHF Fails to Allege that the Defendants Participated in the Same Transaction or Occurrence

Consistent with the majority of district courts in the country and every court in this District, the Court concludes that LHF's allegations that the Defendants used BitTorrent to share copyrighted work do not satisfy Rule 20 requirements for joinder of defendants. LHF cannot satisfy federal rules by simply labeling, in a conclusory fashion, the Defendants' conduct as part of the "same swarm."[6] *See Malibu Media*, 878 F. Supp. 2d at 632. Without more, LHF fails to establish that the Defendants participated in the same "transaction, occurrence, or series of transactions or occurrences," as required for joinder under Rule 20. Fed. R. Civ. P. 20(a)(2)(A).

---

[6] LHF's bald assertions that "Defendants participated in a collective and interdependent manner with other Defendants," and that "[b]y participating in the same swarm, each Defendant participated in the same transaction, occurrence[,] or series of transactions or occurrences as the other Defendants in the swarm," (Compl. 5–6), do not persuade. LHF fails to state any specific *facts* showing actual or concerted activity from which the Court could infer that joinder would be proper. *See Malibu Media*, 878 F. Supp. 2d at 632.

Although the transaction or occurrence test of Rule 20 permits all "reasonably related claims . . . to be tried in a single proceeding," *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983), "[m]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder," *Raw Films*, 2011 WL 6182025, at *2.

Ultimately, LHF has merely alleged that the Defendants used BitTorrent to download and share pieces of the Movie. LHF has not included any facts that suggest the Defendants shared those pieces with each other, thus engaging in the same transaction or occurrence. LHF's Complaint itself states that, given the nature of BitTorrent, even members of the "same swarm" are "stealing copyrighted material from many . . . ISPs in numerous jurisdictions." (Compl. 3.) Given the numerous individuals who could have been involved in the data transfers at issue here and the lack of specific factual allegations that these individuals shared data with each other, the Court concludes that LHF's allegations cannot support joinder. *See Malibu Media, LLC v. Does 1–34*, No. PJM 12-1195, 2012 WL 1792979, at *2 (D. Md. May 15, 2012) ("Plaintiff never asserts that Defendants downloaded or uploaded the same seed piece exclusively among themselves and thereby acted in concert. Moreover, the distributed nature of the BitTorrent network means that at least some of the Doe Defendants likely obtained the seed piece at issue from users not named in the Complaint."); *see also Media Products, Inc. v. John Does 1–44*, No. PJM 12-1292, 2012 WL 1658581, at *2 (D. Md. May 10, 2012) (same); *Third Degree Films, Inc. v. John Does 1–32*, No. PJM 12-1298, 2012 WL 1658682, at *2 (D. Md. May 10, 2012)

(same); *Digital Sin, Inc. v. John Does 1–88*, No. PJM 12-24, 2012 WL 1641035, at *2 (D. Md. May 8, 2012) (same).[7] The Court will grant the Motion to Sever.[8]

---

[7] Many of the courts that found joinder improper relied in part on the length of time over which the alleged file-sharing occurred in holding that those plaintiffs' complaints failed to meet the transaction or occurrence test of Federal Rule 20. *See, e.g., AF Holdings*, 752 F.3d at 998 ("Two individuals who downloaded the same file five months apart are exceedingly unlikely to have had any interaction with one another whatsoever."); *Malibu Media*, 878 F. Supp. 2d at 632 ("[T]he spans of time [of two to three months] shown in plaintiffs' investigations make it difficult to draw the conclusion that there has been any actual exchange of data between and among the defendants in this case."). While it constitutes a factor worth considering, this Court does not find the length of time over which a defendant's use of BitTorrent occurred dispositive in determining the propriety of joinder. Regardless of the length of time over which the alleged infringement transpired, a plaintiff attempting to join multiple defendants must provide plausible factual allegations supporting an inference that those defendants participated in the same "transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).

Thus, although the purported copyright infringement in this case allegedly occurred over the span of one week rather than several months, LHF still fails to "allege facts that permit the [C]ourt at least to infer some actual, concerted exchange of data" among the Defendants in this case. *See Malibu Media*, 878 F. Supp. 2d at 632. LHF asserts that all the Defendants were members of the "same swarm," but, as with the cases discussed above, LHF never alleges facts that indicate any direct exchange of data among *these twenty-five individuals*.

[8] Even if LHF properly joined the Defendants under Rule 20(a), Rule 20(b) might support discretionary severance of the Defendants. Federal Rule of Civil Procedure 20(b) allows a court to order separate trials to, protect a party "against embarrassment, delay, expense, or other prejudice." Fed. R. Civ. P. 20(b). As the Court discusses fully in Section III.C. of its Memorandum Opinions in *LHF Prods., Inc. v. Does 1–24*, 3:16cv274, *LHF Prods., Inc. v. Does 1–24*, 3:16cv282, and *LHF Prods., Inc. v. Does 1–24*, 3:16cv284, and Section II.C. of its Memorandum Opinion in *LHF Prods., Inc. v. Does 1–10*, 3:16cv748, other courts have found discretionary severance of Doe defendants in BitTorrent-based copyright claims appropriate. *See Patrick Collins, Inc. v. John Does 1–38*, 941 F. Supp. 2d 153, 166 (D. Mass. 2013) (discussing cases).

This Court does not see bad faith in this case. But this division has already seen one series of BitTorrent cases brought by different counsel where *pro se* defendants sought refuge from aggressive settlement techniques. *See Raw Films*, 2011 WL 6182025, at *3 (ordering plaintiff to show cause why conduct, including directly contacting defendants and demanding payment in settlement of asserted copyright infringement claims, does not violate Federal Rule of Civil Procedure 11). Because LHF, in several similar cases, has sought additional time to serve defendants "to complete settlements where possible and service of others that do not settle," (*LHF Prods., Inc. v. Does 1–18*, 3:16cv274, Mot. Extend 2, ECF No.11; *LHF Prods., Inc. v. Does 1–24*, 3:16cv282, Mot. Extend 2, ECF No.11; *LHF Prods., Inc. v. Does 1–20*, 3:16cv284, Mot. Extend 2, ECF No.11), this Court might consider granting discretionary severance in this case even if the conditions of Rule 20(a) had been met.

### III. Remaining Motions

Because the Court finds joinder improper and severance of Doe Defendants 2–25 necessary, the Motion to Quash, the Motion to Seal, the Motion for Miscellaneous Relief, and the Third Motion to Extend Time will be denied as moot. The Court will grant the Second Motion to Extend Time.

Regarding the Motion to Extend, Federal Rule of Civil Procedure 4(m) governs the time for service of process. Rule 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. *But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.*

Fed. R. Civ. P. 4(m) (emphasis added). Under Rule 4(m), if LHF demonstrates "good cause" for failing to serve Defendant John Doe 1, the Court must grant an extension of time. If, on the other hand, LHF fails to demonstrate "good cause," the Court may still, in its discretion, permit an extension of time. Judge Ellis of this District recently endorsed this plain reading of Rule 4(m):

> As Rule 4(m)'s plain language makes clear, the presence of "good cause" for the failure to serve process on time renders mandatory a district court's extension of time to serve process. Yet, the portion of Rule 4(m) permitting a district court to "order that service be made within a specified time" is in no way connected to any good cause requirement. Thus, Rule 4(m) unambiguously permits an extension of time to serve process regardless [of] whether a plaintiff can show good cause for delay.

*Robinson v. G D C, Inc.*, No. 1:16cv174, 2016 WL 3461285, at *3 (E.D. Va. June 21, 2016).[9]

---

[9] "[W]ith respect to the pre-2015 Amendment version of Rule 4(m)," the Fourth Circuit held "that 'if the complaint is not served within [90] days after it is filed, the complaint must be dismissed absent a showing of good cause.'" *Robinson*, 2016 WL 3461285, at *3 (quoting *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995)). As Judge Ellis pointed out in *Robinson*, "[t]he Fourth Circuit reached this conclusion by assuming, without discussion, that Rule 4(m) had the same meaning as its predecessor, the former Rule 4(j), despite clear indications in the Advisory

Bearing this construction of Rule 4(m) in mind, the Court declines to determine whether LHF can demonstrate good cause for its failure to serve Defendant John Doe 1 within the 90-day time proscribed by the Rule. Because this case remains in an early stage of litigation, in which Defendant John Doe 1 has not filed an answer or other responsive pleading, the Court sees no prejudice that could result from a brief extension of time.

Pursuant to Federal Rule of Civil Procedure 4(m), the Court will grant the Second Motion to Extend Time. The Court will extend the time for service of Defendant John Doe 1 until February 14, 2017. The Court advises LHF, however, that LHF must demonstrate good cause for any further requests for additional time to serve John Doe 1.

### IV. Conclusion

For the foregoing reasons, the Court will grant the Motion to Sever, (ECF No. 6-3), and the Second Motion to Extend Time, (ECF No. 15). The Court will deny as moot the Motion to Seal, (ECF No. 6), the Motion to Quash, (ECF No. 7), the Motion for Miscellaneous Relief, (ECF No. 13), and the Third Motion to Extend Time, (ECF No. 16). The Court will sever all defendants except Doe 1 from this action and will quash any subpoenas issued pursuant to its May 26, 2016 Order, (ECF No. 5), except as the subpoenas apply to Defendant John Doe 1.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 12/22/2016
Richmond, Virginia

---

Committee Notes to the contrary." *Id.* (citing 146 F.R.D. 401, 573 ("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.")). Even if *Mendez* had remained good law, it "is no longer controlling authority in this circuit" following "the promulgation of the 2015 Amendment to Rule 4(m)." *Id.*